UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD SATISH EMRIT,

    Plaintiff,

v.                                                                             Hon. Paul L. Maloney

SEAN "P. DIDDY" COMBS, et al.,                         Case No. 1:24-cv-129

    Defendants.

_____/

# REPORT AND RECOMMENDATION

A well-documented "serial pro se filer" since approximately 2013, Plaintiff Ronald Satish Emrit ("Plaintiff" or "Emrit") has initiated more than three hundred civil actions in district courts nationwide, from Maine to Hawaii. Despite the fact that most or all of these complaints have been dismissed for improper venue or failure to state a claim, Plaintiff continues to abuse the *in forma pauperis* ("IFP") privilege by recycling the same patently frivolous allegations against various government agencies and officials in inscrutable pleadings that clog the federal district courts with meritless litigation. Due to Plaintiff's "extensive and abusive nationwide litigation practices . . . Plaintiff has been deemed a vexatious litigant or subjected to prefiling requirements in multiple district courts across the country." *Emrit v. Trump*, 1:19-CV-18, 2019 WL 140107, at *2 (Jan. 9, 2019), *report and recommendation adopted*, 2019 WL 935028 (S.D. Ohio Feb. 26, 2019). A district court in Hawaii catalogued a portion of those nationwide orders:

> The Court again takes judicial notice of Emrit's extensive record of filing in districts nationwide, including those in which he has been deemed a vexatious litigant or subjected to prefiling requirements. *See, e.g., Emrit v. Az. Supreme Court*, 15-CV-01718, 2016 WL 910151, at *4 (D. Ariz. Mar. 9, 2016) (finding "that there is an adequate record to support the issuance of a vexatious litigant order against Plaintiff" and citing cases); *Emrit v. Nat'l Acad. of*

>  *Recording Arts & Scis.*, 1:14-cv-00392, 2015 WL 518774 (W.D. Tex. Feb. 5, 2015) (discussing forty-seven meritless federal lawsuits filed by Emrit since March 2013 and entering a vexatious litigant order against Plaintiff); *Emrit v. Soc. Sec. Admin.*, 2:14-cv-01760, 2015 WL 4597834 (D. Nev. July 29, 2015) (entering vexatious litigant order against Emrit); *Emrit v. Continuum Legal*, 1:16-CV-1424, 2017 WL 2622368, *2 (E.D. Va. Jan. 31, 2017) ("Plaintiff is a serial pro se litigant who is subject to pre-filing injunctions in at least two courts."); *Emrit v. Sec. of State*, 16-CV-610-S, 2017 WL 3209449 (D.R.I. Jan. 9, 2017) (noting that plaintiff has been declared a "vexatious filer" in several districts and enjoined from further filings without leave of court). *See also Emrit v. Am. Commc'ns Network*, Inc., 583 F. App'x. 46, 47 (4th Cir. 2014) (cautioning Emrit "that federal courts, including this court, are authorized to impose sanctions upon vexatious and repetitive litigants for frivolous filings [and warning him that] [f]urther frivolous filings by Emrit may result in this court sanctioning him, including by ordering a prefiling injunction that limits his access to the court") (citation omitted).

*Emrit v. Board of Immigration Appeals*, No. 2:22-CV-110, 2022 WL 4287659, at *1 (S.D.W.Va. Mar. 31, 2022) (citing *Emrit v. Sec'y of Hawaii*, 17-CV-504, 2018 WL 264851, at *2 n.2 (D. Haw. Jan. 2, 2018)) (footnote omitted).

This district had not crossed paths with Emrit until last year, when he expanded his litigation activity into Western Michigan. *See Emrit v. Jules*, No. 1:23-cv-733 (W.D. Mich.); *Emrit v. The Grammy Awards on CBS*, No. 1:23-cv-953 (W.D. Mich.). Chief Judge Jarbou dismissed *Jules* for improper venue and dismissed *The Grammy Awards* as frivolous.

Ours was not the only federal district court to deal with these cases. By way of example, Emrit filed *The Grammy Awards* in the Eastern District of Michigan (Case No. 2:23-cv-12577) and the Eastern District of Wisconsin (Case No. 2:23-cv-1346), and filed *Jules* in the Northern District of Illinois (Case No. 3:23-cv-50250). He also filed both *Jules* and *The Grammy Awards* in the Northern District of Ohio (Case Nos. 1:23-cv-1344 and 1:23-cv-1753), where he has recently filed a new action against Progressive Insurance and Stephanie Courtney, who plays the well-

known character "Flo" in Progressive's commercials (Case No. 1:24-cv-46). Incidentally, in that case, Emrit seeks a judgment in the amount of $45,000,000 against the Grammy Awards on CBS.

Emrit filed the instant action on February 9, 2024, and I granted him leave to proceed *in forma pauperis* the same date. (ECF No. 5.) In the normal course, I would review the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. However, another district court has reviewed that case already. Emrit filed the exact same complaint in the Eastern District of Pennsylvania on January 18, 2024 (Case No. 2:24-cv-129). I attach as Exhibit 1 Eastern District of Pennsylvania District Judge Alejandro's January 18, 2024 Memorandum reviewing Emrit's complaint pursuant to 28 U.S.C. § 1915(e)(2), which I incorporate by reference and adopt in substantial part as my own report and recommendation. I recommend that the complaint be dismissed because Emrit fails to allege any claim with an arguable basis in fact or law. *See Abner v. SBC Ameritech*, 86 F. App'x 958, 958 (6th Cir. 2004) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989)) (quotation marks omitted) ("A complaint is frivolous when it lacks an arguable basis either in fact or in law," and it "lacks an arguable or rational basis in fact if it describes fantastic or delusional scenarios.").

I further recommend that this Court, like so many other districts around the country, impose a filing restriction, preventing Emrit from wasting more judicial resources on his filings. Like the actions he has initiated here, Emrit has no connection with this district, but it is likely that he will seek to file additional meritless complaints in this district that he filed elsewhere. At the time Judge Alejandro issued her Memorandum, Emrit had filed the same complaint in at least two other districts: the District of Maryland and the Northern District of Florida. (Mem. at 4.) Since that

Case 1:24-cv-00129-PLM-SJB   ECF No. 6, PageID.27   Filed 02/12/24   Page 4 of 5

time, Emrit filed the same complaint here and in at least one other district, the District of Maine (Case No. 1:24-cv-37).

It is well established that proceeding *in forma pauperis* is a privilege and not a right. *See Wolson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). A court may not completely foreclose a litigant from access to the court, *see Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), but it may impose filing restrictions when a pro se filer has abused the privilege of proceeding *in forma pauperis*. I recommend in this instance that the Court impose a substantial restriction and deny Emrit the privilege of proceeding *in forma pauperis* in any future action filed in this district. *See Hopson v. Secret Serv.*, No. 3:12CV-770, 2013 WL 1092915, at *3 (W.D. Ky. Mar. 15, 2013) ("Given Mr. Hopson's extremely abusive case filings, the Court concludes that the least severe sanction likely to deter him from filing future vexatious and frivolous lawsuits is to impose a permanent injunction prohibiting him from proceeding in forma pauperis in any future action filed in this Court."). While this restriction is severe, I note that Emrit is in a special class of vexatious litigant and recommend that he should be deemed to have forfeited the privilege of proceeding *in forma pauperis* based on his substantial misuse of the federal court system over many years.

In the event the Court concludes that a total ban on *in forma pauperis* status is not appropriate, I recommend that the Court adopt a restriction similar to that imposed in *Emrit v. Trump*, No. 1:19-cv-18, 2019 WL 140107 (S.D. Ohio Jan. 9, 2019), *report and recommendation adopted*, 2019 WL 935028 (S.D. Ohio Feb. 26, 2019). In that case, the court prohibited Emrit from filing any action unless he paid the full filing fee or provided a certification by an attorney in good standing before that court or the jurisdiction in which he or she was admitted that the complaint was filed in the correct venue. *Id.* at *5. Here, I recommend that the Court require a certification from an attorney in good standing *with this district* that: (1) the claims are not frivolous; (2) that

4

the suit is not brought for an improper purpose; and (3) that the action is being filed in the correct venue.

## CONCLUSION

For the foregoing reasons, I recommend that the Court dismiss Emrit's complaint with prejudice on the ground that it is frivolous. I further recommend that the Court impose a filing restriction as set forth above. The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Emrit appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1). *See McGore*, 114 F.3d at 610-11.

Date:  February 12, 2024     /s/ Sally J. Berens  
                            SALLY J. BERENS  
                            U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).